In the Matter of the Arbitration between FRANKLIN E. SAFFORD, Appellant, and YONKERS RACEWAY, INC., et al., Respondents.— In a proceeding to compel arbitration pursuant to a written agreement between respondents, the petitioner appeals from an order of the Supreme Court, Nassau County, entered September 10, 1959, dismissing his petition upon the grounds that he is not a party to the agreement; that he has no individual right to enforce its arbitration provisions; and that, in any event, the petition presents no arbitrable controversy. Order appealed from affirmed, with costs. No opinion. Nolan, P. J., Beldock, Pette and Brennan, JJ., concur.

In the Matter of MICHAEL SANTORA et al., Respondents, against TEMPORARY STATE HOUSING RENT COMMISSION, Appellant.— In a proceeding pursuant to article 78 of the Civil Practice Act, the Temporary State Housing Rent Commission appeals from an order of the Supreme Court, Queens County, entered January 26, 1960, which: (a) annuls its determination denying a certificate of eviction to petitioners, on the ground that such determination was "unreasonable, arbitrary and capricious;" and which (b) directs it to issue the certificate of eviction. Order reversed on the law and the facts, without costs, proceeding dismissed, and determination of the commission reinstated and confirmed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the record discloses a rational basis for the commission's determination which was adequately supported by the proof adduced before the State and Local Rent Administrators. Therefore it was error for the learned Special Term to have substituted its judgment for that of the commission, the State Rent Administrator and the Local Rent Administrator (*Matter of Link* v. *Caputa,* 10 A D 2d 882). Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

In the Matter of LILLIAN SAPPERN, Petitioner, against WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding under article 78 of the Civil Practice Act, to review a determination of respondent, Commissioner of Motor Vehicles, dated April 13, 1959, made pursuant to statute (Vehicle and Traffic Law, § 71, subd. 3, par. [e]), revoking petitioner's license to operate a motor vehicle by reason of her gross negligence in the operation of such a vehicle on October 29, 1958. The proceeding has been transferred to this court for disposition (Civ. Prac. Act, § 1296). Determination annulled on the law and the facts, with $10 costs and disbursements, and matter remitted to the Commissioner of Motor Vehicles for further action consistent herewith. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion there is no substantial evidence to support a finding that the petitioner was guilty of gross negligence (cf. *Matter of Tormey* v. *Kelly,* 6 A D 2d 798; *Matter of Knoepffler* v. *Kelly,* 2 A D 2d 851). Ughetta, Christ and Pette, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to confirm the determination of the Commissioner.